UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-22891-CIV-O'SULLIVAN
[CONSENT CASE]

DAVID MOORE,

    Plaintiff,

v.

E.A.P. MANAGEMENT CORP., a Florida
corporation d/b/a KENTUCKY FRIED CHICKEN,
and ROTEM RODRIG,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Defendants, E.A.P. Management Corp. and Rotem Rodrig's, Motion to Dismiss Count II of the Complaint, or in the Alternative, Motion for More Definite Statement and Motion to Strike Plaintiff's Claim for Punitive Damages.  Having reviewed the motion and response and heard argument of counsel,  it is

ORDERED AND ADJUDGED that on the Defendants, E.A.P. Management Corp. and Rotem Rodrig's, Motion to Dismiss Count II of the Complaint, or in the Alternative, Motion for More Definite Statement [DE# 7, 9/12/11] are DENIED for the reasons stated on the record and as summarily explained below.  Defendants' Motion to Strike Plaintiff's Claim for Punitive Damages  [DE# 7, 9/12/11]  is GRANTED and the phrase "or punitive" is STRICKEN from paragraph 24 of the Complaint [DE# 1, 8/11/11]. Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 937 (11th Cir. 2000) ("In minimum wage and overtime cases, plaintiffs are limited to recovering 'their unpaid minimum wages, or their

unpaid overtime compensation ... and ... an additional equal amount as liquidated damages' because those are the only damages necessary to compensate the aggrieved employee.") (quoting 29 U.S.C. § 216(b)). The plaintiff agrees that punitive damages are not recoverable.  Response pp. 4-5 [DE# 11, 9/21/11].

The defendants seek dismissal of Count II, which alleges that Mr. Rodrig was the plaintiff's employer under the FLSA.  The Court finds that the plaintiff's allegations in the Complaint are sufficient to survive a motion to dismiss.  The Court is required to take the well-pled allegations of fact as true and to view them in the light most favorable to the plaintiff.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Beck v. Deloitte & Touche et al., 144 F.3d 732, 735 (11th Cir. 1998). "In seeking dismissal for failure to state a viable claim, [the] defendant [ ] bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." Id. at 735-36 (quoting Jackam v. Hosp. Corp. Of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986)).

The Complaint adequately puts the defendants on notice of the plaintiff's claim that Mr. Rodrig is alleged to have had responsibilities for the day-to-day operations of the corporate defendant, including financial control, that he determined the amount paid to employees, that he determined the amount of hours worked, and specified the job duties of employees. Complaint at ¶ 24 [DE# 1, 8/11/11].  The Eleventh Circuit explained that "[t]o be personally liable [as an employer under the FLSA], an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." Patel v. Wargo, 803 F.2d 632, 38 (11th Cir. 1986) (internal quotations and citation omitted).  Count II sufficiently pleads a claim against

the individual defendant and thus, is not subject to dismissal.

**DONE AND ORDERED** in Chambers at Miami, Florida this **27th** day of October, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record